UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWN MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00442-JPH-TAB ) |
| STENNIS Officer, | ) ) ) |
| Defendant. | ) |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Shawn Marshall is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action alleging that Officer Stennis violated his First Amendment right to free exercise by preventing him from practicing his religion. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).  In this order, the Court also addresses Mr. Marshall's motion to correct the defendant's name.

### I. Correction of Defendant's name

Mr. Marshall's motion to correct the spelling of the defendant's name, dkt. [12], is **granted**. The clerk **is directed** to change the defendant's name to Stennis on the docket.

### II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

1

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. The Complaint

Mr. Marshall alleges that on February 10, 2023, Officer Stennis informed him that she was confiscating his Holy Qur'an and would destroy it because the inside cover listed another prisoner's name as well as Mr. Marshall's name. This deprivation prevented Mr. Marshall from practicing his religion. He seeks injunctive relief and compensatory damages as a result of this incident.

### IV. Discussion of Claims

Plaintiffs alleging that jail officials have violated their religious rights can bring a claim under both the free exercise clause of the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. §§ 2000cc et seq.; *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Although Mr. Marshall does not specifically mention RLUIPA in his complaint, "he is

proceeding *pro se* and in such cases [the Court will] interpret the free exercise claim to include the statutory claim." *See id.*

Mr. Marshall seeks damages and injunctive relief. A RLUIPA claim for injunctive relief **shall proceed** against Warden Dennis Reagle in his official capacity only, as RLUIPA does not authorize individual-capacity claims against state officials. *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009) (abrogated on other grounds by *Jones v. Carter*, 915 F.3d 1147, 1149–50 (7th Cir. 2019) (no individual capacity claim under RLUIPA when allegations do not implicate interstate commerce)). RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise" of a prisoner unless the government demonstrates that the imposition of this burden on a prisoner's religious exercise overcomes strict scrutiny. 42 U.S.C. § 2000cc-1(a); *see also Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009) (stating that "all that is required to state a claim under RLUIPA" is an allegation that the defendant's actions "imposed a substantial burden on his ability to exercise his religion"). Mr. Marshall has alleged facts sufficient to state a RLUIPA claim, therefore this claim **shall proceed.**

Additionally, Mr. Marshall's First Amendment free exercise claim **shall proceed** against Officer Stennis in her individual capacity. The First Amendment provides, in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. " U.S. Const., amend. I. The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief

3

or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013); *see also McClure v. Waston*, No. 2:23-cv-00371-JPH-DLP, 2020 U.S. Dist. LEXIS 187944, at *2-3 (S.D. Ind. Oct. 9, 2020) (quoting *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) ("Freedom of speech is not merely freedom to speak; it is also freedom to read.")). Mr. Marshall has alleged facts sufficient to state a First Amendment claim, therefore this claim **shall proceed.**

The First Amendment and RLUIPA claims include all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Marshall believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 10, 2023,** in which to identify those claims.

The **clerk is directed** to add Warden Dennis Reagle in his official capacity as a defendant on the docket.

### V. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Warden Dennis Reagle and Officer Stennis in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 10, 2023, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

4

**SO ORDERED.**

Date: 6/20/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN MARSHALL
218555
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction:
    Warden Dennis Reagle
    Officer Stennis
    (All at Pendleton Correctional Facility)