UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAWN MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00442-JPH-TAB |
| | ) | |
| STENNIS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND
ORDERING PLAINTIFF TO SUPPLEMENT SUMMARY JUDGMENT
RESPONSE AND SHOW CAUSE**

In this case, Plaintiff Shawn Marshall pursues claims under the First
Amendment and the Religious Land Use and Institutionalized Persons Act
("RLUIPA") based on allegations that his Qur'an was improperly confiscated and
destroyed after he was transferred to Correctional Industrial Facility ("CIF").
Dkt. 13 (Screening Order). From the facts developed through summary judgment
briefing, it appears that Mr. Marshall's Qur'an was confiscated because the name
and Indiana Department of Correction ("IDOC") identification number of another
inmate were written in it. *See generally* dkt. 83.

Mr. Marshall is pursuing individual capacity claims for damages against
Defendant Belinda Stennis and a RLUIPA claim for injunctive relief only against
the IDOC. Dkt. 13.[1] Pending before the Court is Mr. Marshall's motion for

---

[1] The defendant for the RLUIPA claim was originally identified as Dennis Reagle in his
official capacity as the warden of CIF. Dkt. 13. Such a claim is actually a claim against
the IDOC, which is an appropriate defendant for a RLUIPA claim. *See* 42 U.S.C.
§ 2000cc-2(a) (a person may assert a violation of RLUIPA and obtain appropriate relief

preliminary injunction. Dkt. 42. Defendants' summary judgment motion, dkt. 81, is also fully briefed. For the reasons stated below, Mr. Marshall's motion for preliminary injunction is **denied without prejudice**, and he is ordered to supplement his summary judgment response and show cause why his RLUIPA claim should not be dismissed for lack of jurisdiction as moot.

### I.    Motion for Preliminary Injunction

In Mr. Marshall's motion for preliminary injunction, he asked the Court to order that he be allowed to buy a Qur'an through the mail because he needed a Qur'an written in Arabic, but CIF did not sell Arabic-language Qur'ans. Dkt. 42.[2] As recently as May 9, 2024, when the Court received his response to the defendants' pending summary judgment motion, Mr. Marshall was representing that he was still being prevented from practicing his religion because he did not have an Arabic-language Qur'an and CIF's chaplain did not have any. *See* dkt.

---

against "a government"); 42 U.S.C. § 2000cc-5(4)(A) ("government" includes a state and any of its agencies). Accordingly, the **clerk is directed** to substitute the Indiana Department of Correction for Dennis Reagle as a defendant on the docket. Counsel has already appeared as to the official-capacity claim against the CIF warden, so they need not enter another appearance, and the **clerk is directed** that the docket should reflect that Defendant Reagle's current counsel are counsel for the IDOC.

[2] Mr. Marshall also asked the Court to order that he be allowed to buy kufis and prayer rugs that have been blessed by an imam through the mail because those items were not sold through the commissary at CIF, either. Dkt. 42. The Court does not discuss that request further because this case relates only to his claims about being deprived of a Qur'an, not issues about access to prayer rugs or kufis. Dkt. 13. Accordingly, that aspect of his requested injunctive relief lacks a nexus with the claims proceeding in this action and cannot be granted. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief).

85 at 5, 7; *see also* dkt. 82-1 at 45 (Mr. Marshall testifying at his March 21, 2024, deposition that the CIF chaplain still did not have any Qur'ans).

But on June 24, 2024, Mr. Marshall filed a notice informing the Court that he had been transferred from CIF to Pendleton Correctional Facility ("PCF"), another IDOC prison. Dkt. 89. Although the ultimate complaint in this case is about the allegedly improper confiscation and destruction of his Qur'an, the request for injunctive relief is premised on Mr. Marshall not having a replacement Qur'an (either in Arabic or English) because of the available commissary items at CIF and the fact that the CIF chaplain did not have any. If he has obtained a Qur'an that meets his religious needs since his transfer to PCF, then his claims for injunctive relief are moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot"). At this point, however, the record is silent as to whether Mr. Marshall has obtained a Qur'an to replace the one that was destroyed or whether he has the ability to obtain one, whether through the commissary at PCF, by mail order, or by other means.

Accordingly, on the current record, the Court cannot determine whether injunctive relief is appropriate. As a result, his motion for preliminary injunction, dkt. [42], is **denied without prejudice**. If Mr. Marshall still does not have a replacement Qur'an that meets his religious needs, he may file a renewed motion.

Any such motion should also explain whether he can obtain one at PCF, whether through commissary purchase, mail order, or other means.[3]

## II.   Motion for Summary Judgment as to RLUIPA Claim

As stated, Mr. Marshall is pursuing a claim for injunctive relief only for alleged violations of RLUIPA. *See* dkt. 13 at 3. The IDOC has moved for summary judgment as to that claim. Dkts. 82, 83. After that motion was fully briefed, however, Mr. Marshall was transferred to a new facility. As a result, the summary judgment briefing does not address a fact material to resolution of Mr. Marshall's RLUIPA claim—whether he has obtained a Qur'an that meets his religious needs since his transfer. If he has, then there is no case or controversy remaining as to his RLUIPA claim for injunctive relief, and the Court must dismiss it for lack

---

[3] A final note as to this motion: The Court is denying Mr. Marshall's motion without prejudice because his transfer materially changed the facts relevant to his request for injunctive relief. The Court observes, however, that, in the response to the motion for preliminary injunction, Defendants' counsel argued:

> However, even Plaintiff admits, he can purchase a Quran, Prayer Rugs, and Prayer Cap from commissary. (" . . . Holy Qu'ran (with Arabic writing) is sold to Plaintiff on Commissary and the Prayer Rugs and KuFi's that are sold does not come from Islamic Imam or Masyid.") (Dkt. 42 at 2).

Dkt. 60 at 4 (ellipses and spelling errors in original). That statement misrepresents the record. In fact, Mr. Marshall explained his likelihood of success as follows:

> Because know Qu'ran (with Arabic writing) is sold to Plaintiff on commissary and the Prayer Rugs and KuFi's that are sold does not come from Islamic Imam or Masyid. By the courts doing this it'll allow alot of Muslims to follow their faith as it is has been prescribed.

Dkt. 42 at 2 (punctuation and errors in original). That is, rather than admitting that Arabic-language Qur'ans were sold at CIF's commissary, Mr. Marshall stated the opposite—that *no* such Qur'ans were sold. He may have misspelled the word "no," but, in context it is clear what he meant. At this point, the Court will assume that the use of ellipses to eliminate the key word in the sentence was simply a mistake by counsel, but, going forward, counsel is directed to carefully inspect case filings to ensure that representations about the record are accurate.

of jurisdiction on mootness grounds. *See Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009), *abrogation on other grounds recognized by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019) ("A court's power to grant injunctive relief only survives if such relief is actually needed."). As currently framed, the briefing in the case suggests that the reason Mr. Marshall had not obtained a replacement Qur'an was specific to CIF—no Qur'ans were sold at the commissary there, and the chaplain did not have any. The record currently does not indicate that the same problems exist at PCF.

Accordingly, within **30 days of the date of this Order**, Mr. Marshall is **ORDERED** to supplement his summary judgment response and show cause why his RLUIPA claim for injunctive relief should not be dismissed for lack of jurisdiction because it is moot.[4] If Mr. Marshall contends that his claim is not moot because he still does not have a Qur'an that meets his religious needs or access to one (whether through the commissary or chaplain at PCF, mail order, or other means), he should support his response with a declaration under penalty of perjury stating the relevant facts. *See* 28 U.S.C. § 1746(2) (declaration under penalty of perjury should be in substantially following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."). **If Mr. Marshall fails to supplement his summary judgment response as directed, the Court will dismiss his RLUIPA claim for lack of jurisdiction as moot**. *See Lehn*, 364 F.3d at  871

---

[4] Mr. Marshall's transfer has no effect on his First Amendment claim for damages against Ms. Stennis in her individual capacity. As a result, he may not provide any additional briefing as to that claim.

5

(claim for injunctive relief is moot when a prisoner who seeks injunctive relief for a condition specific to a particular prison and is transferred out of that prison). If Mr. Marshall files a supplemental response, the IDOC may file a reply to that response within **14 days of the day it is filed**. The Court also recognizes that the situation in this case is fluid. Therefore, if Mr. Marshall obtains a Qur'an that meets his religious needs at any point after this Order issues but before final judgment is entered—whether that is because he buys one or the IDOC gives him one—the parties should immediately inform the Court.

Defendants' motion for summary judgment, dkt. 81, **remains pending**, and will be decided by separate entry after the record is supplemented as directed by this Order.

### III.    Summary and Conclusion

In summary, the **clerk is directed** to substitute the Indiana Department of Correction for Dennis Reagle as a defendant on the docket. The **clerk is also directed** that the docket should reflect that Defendant Reagle's current counsel are counsel for the IDOC.

Mr. Marshall's motion for preliminary injunction, dkt. [42], is **denied without prejudice** for the reasons stated in Section I. The **clerk is directed** to enclose a blank form motion for preliminary injunction with Mr. Marshall's copy of this Order, which he may use if he chooses to renew his motion.

Defendants' motion for summary judgment, dkt. 81, **remains pending**, but Mr. Marshall is ordered to supplement his summary judgment response and

show cause why his RLUIPA claim should not be dismissed for lack of jurisdiction as moot, as set forth in Section II.

**SO ORDERED.**

Date: 8/30/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN MARSHALL
218555
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Breanne Chambers
Office of Indiana Attorney General
breanne.chambers@atg.in.gov

Jacob Paul Zurschmiede
Office of Indiana Attorney General
Jake.Zurschmiede@atg.in.gov